532 So.2d 584 (1988)
Curtis Lee DOBY
v.
STATE of Mississippi.
No. 57855.
Supreme Court of Mississippi.
October 12, 1988.
*585 Roy Pitts, Charles E. Smith, Meridian, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
In this criminal appeal from the Circuit Court of Clarke County, the appellant, Curtis Lee Doby, was convicted of selling approximately three grams of cocaine to Donna Conner, an undercover agent with the Mississippi Bureau of Narcotics. The trial court sentenced Doby to a term of sixteen years with the Mississippi Department of Corrections.
Feeling aggrieved over the verdict returned in the lower court, Doby perfected an appeal to this Court. He assigns as error the following:
(1) The trial court erred in allowing an amendment to the indictment after the jury was impaneled and before testimony and proof was presented.
(2) The trial court erred in granting the State's motion to amend the date of the offense in the indictment after the jury was empaneled and before proof without making a finding that such variance was not material to the merits of the case, and that there would be no prejudice to the appellant in his defense on the merits and where no order making the amendment was placed on the court minutes and no authorization was given district attorney to change the indictment on its face, and then the court refusing appellant's motion for directed verdict.
(3) The trial court erred in allowing the alleged cocaine into evidence where sufficient chain of custody was not established by the prosecution.
(4) The trial court erred in allowing testimony of a witness in violation of sequestration rule and misconduct of prosecuting attorney in telling witness what was said by the appellant prior to recalling State's witness to testify in rebuttal.
(5) The trial court erred in not granting directed verdict of not guilty or peremptory instruction of not guilty in view of the overwhelming weight of the evidence.
(6) The trial court erred in giving the State's only requested instruction which dealt with the elements of the charged offense which was combined with the forms of the verdict which was objected to by the defense and then the court denying appellant his requested instruction for a neutral form of verdicts.

I.

STATEMENT OF THE FACTS
On September 11, 1985, at approximately 1:30 p.m., Donna Conner, an undercover *586 narcotic's agent for the Mississippi Bureau of Narcotics, and a confidential informer left Meridian, Mississippi, enroute to Stonewall, Clarke County, Mississippi, to attempt to purchase cocaine. They parked in the driveway of the residence; the confidential informant got out of the car, went to the door and talked with a black male identified as Curtis Lee Doby. As the confidential informant was standing in the door talking with Doby, she turned to Conner, the undercover agent, and told Conner to get out of the car. Doby advised the agent that she did not have to come inside the house. Officer Conner observed the defendant in order to make a positive identification.
After a short period of time, the defendant came to the car. He entered the back passenger area of the vehicle. When he was inside, Officer Conner proceeded to discuss the quality and price of the cocaine. She paid $350.00 for an eighth of an ounce with official state funds.
In direct contradiction to these foregoing facts, Doby testified in his own behalf and asserted an alibi as his defense. Four witnesses also offered testimony in support of the alibi. These witnesses were the defendant's mother, the defendant's two brothers, and Frank Scott, a friend and former resident of Evanston, Illinois.
According to Doby and his alibi witnesses, appellant came to Mississippi on September 2, 1985 to celebrate his birthday. He returned to Evanston, Illinois on September 4th and came back to Mississippi on September 17th. Assuming this to be true, Doby asserts that he could not have possibly sold cocaine to Agent Conner on September 11th as alleged in the amended indictment.

PROPOSITION NO. 1

DID THE TRIAL COURT ERR IN PERMITTING THE STATE TO AMEND THE INDICTMENT BY ALTERING ON THE FACE THEREOF THE DATE OF THE OFFENSE FROM THE 16TH DAY OF SEPTEMBER, 1985, TO THE 11TH DAY OF SEPTEMBER, 1985?
After a jury was selected and empaneled and was retired from the courtroom, the State moved the court to amend the indictment to change the date of the alleged sale of cocaine to the 11th day of September, 1985, rather than the 16th day of September, 1985, which appeared on the face of the indictment. Doby objected by stating that the defendant had notified the State of his defense of alibi prior to trial and that his witnesses would account for his whereabouts on the date of the original indictment. The defense claimed prejudice to change the alleged sale to another date by five days.
To support the foregoing argument, counsel for Doby cites § 99-7-21 Miss. Code Ann. 1972. This code section reads as follows:
All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterward. The court for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared.
The defendant urges that penal statutes are interpreted strictly against the State and are construed liberally in favor of the accused. See McLamb v. State, 456 So.2d 743 (Miss. 1984).
In Byrd v. State, 228 So.2d 874, 875-6 (Miss. 1969), this Court opined in interpreting the above code section the following standard:
The test of whether an accused is prejudiced by the amendment of an indictment or information has been said to be whether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, *587 the amendment is one of form and not of substance.
In Deaton v. State, 242 So.2d 452, 453 (Miss. 1970), this Court wrote:
Time may or may not be of the essence of an offense when an alibi defense is presented, depending upon the circumstances of the particular case... . In the instant proceedings the record reflects that appellant was not surprised or prejudiced by testimony that the offense occurred on August 16, rather than the date charged in the indictment. Appellant offered testimony of an alibi for both dates.
Obviously, Doby provides a viable defense for a sale committed on September 11th as well as a sale committed on September 16th. The same defense and supporting witnesses were available for both dates.
Therefore, this Court holds that the trial court was not in error in allowing the change in the indictment under the facts of this case.

PROPOSITION NO. 2

DID THE TRIAL COURT ERR IN GRANTING THE STATE'S MOTION TO AMEND WHERE NO ORDER MAKING THE AMENDMENT WAS PLACED ON THE COURT MINUTES AND NO AUTHORIZATION WAS GIVEN THE DISTRICT ATTORNEY TO CHANGE THE INDICTMENT ON ITS FACE?
Keeping in mind the argument in Proposition 1, Doby cites Miss. Code Ann. §§ 99-17-13 and 99-17-15 (1972). Section 99-17-13 expressly allows a party to amend an indictment during trial to correct a variance between the proof and the indictment where the amendment is to be an immaterial matter and the defendant cannot be prejudiced thereby in his defense.
Miss. Code Ann. § 99-17-15 is as follows:
The order of the court for amendment of the indictment, record or proceedings provided in § 99-17-13 shall be entered on the minutes, and shall specify precisely the amendment, and shall be a part of the record of said case, ... .
In support of the foregoing argument, counsel for Doby cites Hitt v. State, 63 So.2d 665 (Miss. 1953). In Hitt, there was a variance between the indictment and the proof relative to the ownership of stolen property. The trial judge agreed with the contention and sustained a motion for amendment of the indictment. However, there was no written order for the amendment on the minutes. This Court held that the variance, if any, was not eliminated by the actions of the court in sustaining the motion. See also, Mahfouz v. State, 303 So.2d 461 (Miss. 1974).
However, in Reed v. State, 506 So.2d 277, 279 (Miss. 1987), this Court held:
Additionally, we note that no valid order was entered on the record authorizing the alleged amendment as required by § 99-17-15 of the Miss. Code Ann. (1972). The State is required to make sure that such an order appears in the record and the defense is required to object to the absence of such order if it wishes to preserve this point for appeal. See Sturgis v. State, 379 So.2d 534 (Miss. 1980). (Emphasis added).
In Dunaway v. State, 398 So.2d 658 (Miss. 1981), this Court, citing Sturgis v. State, 379 So.2d 534 (Miss. 1980), writes:
It is clear from this language that, under the circumstances above presented, a defendant must specifically bring the absence of an order on the minutes of the court allowing the amendment to the attention of the trial court, or the error will be waived and it may not be raised for the first time on appeal.
Id. at 659.
Doby filed a motion for a new trial on September 17th, eight days post-verdict. The motion is devoid of any reference to the amendment to the indictment, or how the amendment was made, or the failure to timely enter upon the minutes of the court an order authorizing the amendment.
Although Doby did object to the amendment at the time it was made, the objection addressed the potential prejudice to Doby with respect to his alibi defense. Therefore, *588 Doby's failure to object to the absence of the order required by § 99-17-15 either during the trial or on his motion for new trial is fatal to this complaint.
Having reviewed the foregoing arguments, this Court is of the opinion that this point is not preserved and that Doby waived his right to present this issue on appeal.

PROPOSITION NO. 3

DID THE TRIAL COURT ERR IN ALLOWING THE ALLEGED COCAINE INTO EVIDENCE WHERE A SUFFICIENT CHAIN OF CUSTODY WAS NOT ESTABLISHED BY THE PROSECUTION?
Counsel for Doby reviews some evidence from Officer Conner's testimony concerning the chain of custody of the evidence bag containing the cocaine.
Conner testified that the cocaine purchased by her from Doby was taken by her to the Mississippi Crime Laboratory. In addition to Officer Conner's testimony, counsel for Doby also points to the testimony of Steve Howard, a Mississippi Crime Lab Chemical analyst, who testified that he retrieved the evidence from the storage vault at the Mississippi Crime Laboratory for analysis.
The defense objects to the chain of custody in that there was no testimony concerning any person who may have received the exhibit at the Crime Lab, when the exhibit was received, or absence of paper work or receipts of any kind showing that it was received at the Crime Lab. There was no statement to show where and how the exhibit was kept and maintained until it was removed from the evidence vault for examination on December 11, 1985.
Having made the foregoing argument, counsel for Doby admits that this Court in recent decisions has largely left to the discretion of the trial court decisions concerning the chain of custody of evidence. See Morris v. State, 436 So.2d 1381 (Miss. 1983).
In Gibson v. State, 503 So.2d 230, 234 (Miss. 1987), this Court citing Grady v. State, 274 So.2d 141, 143 (Miss. 1973), wrote:
This Court said that the test for the continuous possession of evidence is "whether or not there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence."
Reviewing the facts in Morris, supra, the Court there explained:
When faced with the sort of chain of custody objection made here, the trial court should inquire whether there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence... . Matters regarding the chain of custody of evidence are largely left to the discretion of the trial judge and "unless this judicial discretion has been so abused as to be prejudicial to the defendant, this Court will not reverse the ruling of the trial court."
436 So.2d at 1388.
The trial court took into account any reasonable inferences of probable tampering with the evidence. Based on this Court's decisions in the past, this Court holds that the trial judge did not abuse his discretion regarding the chain of custody of the bag of cocaine.

PROPOSITION NO. 4

DID THE TRIAL COURT ERR IN ALLOWING TESTIMONY OF A WITNESS IN VIOLATION OF SEQUESTRATION RULE AND MISCONDUCT OF PROSECUTING ATTORNEY IN TELLING WITNESS WHAT WAS SAID BY THE APPELLANT PRIOR TO RECALLING STATE'S WITNESS TO TESTIFY IN REBUTTAL?
While appellant Doby was testifying, he was asked if he had ever seen Undercover Agent Donna Conner before, and he stated that he had. The occasion was on the date that he was arrested in the early morning hours of September 19, 1985, but that he had never seen her before that date.
*589 After appellant finished his testimony and the defense rested, Donna Conner was recalled in rebuttal and testified that she had seen appellant on the 11th of September, 1985 and had seen him again on the 16th of September, 1985. Conner was asked if she had discussed the matter with the district attorney before she returned to the witness stand. She responded that he had asked her if she had seen Doby any other time. She was then questioned, "and he told you that this man said he hadn't ever seen you before until the 19th, huh?" to which Donna Conner responded, "He told me he [Doby] claimed not to have seen me before."
Counsel contends that the court should have excluded the testimony of the witness because of sequestration violations in the prosecutor's informing Officer Conner of the other witness's testimony.
Two Mississippi Rules of Court govern sequestration of witnesses as follows:
Rules of Evidence No. 615. Exclusion of Witnesses
At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.
Uniform Criminal Rules of Circuit Court Practice No. 5.09. Invoking the Rule of Sequestration of Witnesses
By the request of either party or the court, any witness may be excluded from hearing the testimony of other witnesses in the case because he himself is to testify. The judge may cause the witnesses who have testified to be kept separate from those who have not been examined. However, in criminal cases, the defendant does not have to testify before his other witnesses and has the right to remain in the courtroom and hear all witnesses and their testimony.
Whether a witness may testify when he has remained in the courtroom after the rule has been invoked is within the discretion of the trial judge.
The factual complaint in the case at bar is not that a witness, who should have been sequestered, was allowed to testify after hearing other witnesses' testimony. Rather, the factual complaint here is that the prosecutor told a sequestered witness of the sworn testimony of another witness before the sequestered witness gave rebuttal testimony. Thus an indirect method of hearing testimony of another witness is involved here.
As noted in the recent case of Douglas v. State, 525 So.2d 1312, 1316 (Miss. 1988), the aim in the sequestration of witnesses rule is twofold: (1) "a restraint on witnesses `tailoring' their testimony to that of earlier witnesses and (2) it aids in detecting testimony that is less than candid." (citing Geders v. United States, 425 U.S. 80, 87, 96 S.Ct. 1330, 1335, 47 L.Ed.2d 592 (1976)). The rule applies to rebuttal witnesses as well as witnesses who have testified, or could have testified, on the case-in-chief. Douglas, supra. United States v. Ortega-Chavez, 682 F.2d 1086, 1089 (5th Cir.1982).
The Douglas case also involved an allegation of indirect violation of the sequestration rule when the district attorney told rebuttal witnesses of other witnesses' prior testimony. In Douglas, the defense counsel did cross examine in detail the witnesses as to this "prepping." Recognizing that attorneys need to consult with their witnesses in preparation of their testimony, the Douglas court found no prejudicial harm to the defendant and affirmed the trial court's action.
In this factual situation, the record evidences Conner's testimony on direct examination of her having seen Doby on the dates of September 11, 16, and 19, 1985. Her reiteration of this testimony during rebuttal examination, even after the prosecutor's informing her of Doby's contradictory testimony, clearly was not a "tailoring" of testimony that the rule seeks to avoid. Her rebuttal testimony was consistent with her testimony in the case-in-chief. *590 Therefore, this Court concludes that the admission of her rebuttal testimony does not result in sufficient prejudice to require reversal. The Court affirms the trial court's ruling on this issue.
An observation needs to be addressed. There appears to be an inconsistency with the above quoted rules. More particularly, Uniform Criminal Rules of Circuit Court 5.09 provides for the trial judge's discretion to be controlling in determining whether a witness may testify who has remained in the courtroom after invocation of the rule as to witnesses. These Uniform Criminal Rules of the Circuit Courts were adopted originally on August 15, 1979, with subsequent amendments. The Mississippi Rules of Evidence, and more specifically M.R.E. 615, were adopted September 24, 1985, to govern all proceedings in any action on or after January 1, 1986. It should be noted that M.R.E. 1103 states:
All evidentiary rules, whether provided by statute, court decision or court rule, which are inconsistent with the Mississippi Rules of Evidence are hereby repealed.
Thus, the evidence rules, having been adopted subsequent to the Uniform Criminal Rules of the Circuit Court, and containing the specific Repealer Rule 1103, must control over former Uniform Criminal Rule 5.09. Rule 5.09 should be considered as repealed insofar as it is in conflict with M.R.E. 615.

PROPOSITION NO. 5

DID THE TRIAL COURT ERR IN NOT GRANTING DIRECTED VERDICT OF NOT GUILTY OR PEREMPTORY INSTRUCTION OF NOT GUILTY IN VIEW OF THE OVERWHELMING WEIGHT OF THE EVIDENCE?
To support the foregoing proposition, counsel for Doby urges two theories, (1) alleged misidentification and (2) alibi.
Donna Conner was asked if she saw Curtis Lee Doby on the day she said the sale of cocaine was made, and she said that she did. On further cross-examination, she admitted that when she wrote up her case report involving this particular incident she showed that she bought the cocaine from one Albert Cotton, a half-brother of the defendant.
Doby urges that Agent Donna Conner's testimony was impeached when she specified in the case report that the person from whom she bought the cocaine was Albert Cotton. She testified that she later identified the seller from whom she bought the cocaine as the defendant, although she originally thought his name to be Albert Cotton.
Additionally, testimony of Doby's other four witnesses that Doby was in the State of Illinois at the time of the alleged incident is contended to be against the overwhelming weight of the evidence.
This Court on several occasions has addressed the present issue before the Court. More specifically, in Clanton v. State, 279 So.2d 599 (Miss. 1973), Campbell v. State, 309 So.2d 172 (Miss. 1975) and Anselmo v. State, 312 So.2d 712 (Miss. 1975), the appellants contended that the verdict of the jury was contrary to the overwhelming weight of the evidence. In each of these cases, this Court noted that it was up to the jury as to which witnesses they would believe.
Having made these observations, counsel for Doby asserts that the case sub judice is distinguishable from the above cited cases. As stated earlier, Doby contends that the State's sole witness, Donna Conner, was impeached. Additionally, the facts in this case reveal alibi witnesses who alleged that Doby was not in the area at the time of the sale.
In addressing Proposition No. 5, the Court recognizes that Doby's conviction for the sale of cocaine rests largely upon the uncorroborated testimony of Agent Donna Conner. However, Doby's challenge to the sufficiency of the evidence, as opposed to its weight, must be determined from the totality of the testimony elicited from both the State's witnesses as well as his own.
In Wetz v. State, 503 So.2d 803 (Miss. 1987), this Court stated:
In the present context we must, with respect to each element of the offense, consider all of the evidence  not just the *591 evidence which supports the case for the prosecution  in the light most favorable to the verdict... . The credible evidence which is consistent with the guilt must be accepted as true ... The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence... . Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury.... We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.

Id. at 808. (Emphasis added).
With this reasoning in mind, the Court holds that the testimony of Conner was legally sufficient to support Doby's conviction for the sale of cocaine. This Court recognizes the rule that persons may be found guilty on the uncorroborated testimony of a single witness. See Ragland v. State, 403 So.2d 146 (Miss. 1981); Clanton v. State, 279 So.2d 599 (Miss. 1973); Holt v. State, 186 Miss. 727, 191 So. 673 (1939). A jury may accept the testimony of some witnesses and reject that of others. In other words, the credibility of witnesses is not for the reviewing court, but only for the jury. See Groseclose v. State, 440 So.2d 297 (Miss. 1983).
As to the question of the "weight of the evidence", the strength or weakness of testimony is not measured by the number of witnesses produced by a particular party. See Groseclose v. State, supra; Bond v. State, 249 Miss. 352, 162 So.2d 510 (Miss. 1964); Spiers v. State, 231 Miss. 307, 94 So.2d 803 (Miss. 1957). The State's evidence "which together with all reasonable inferences following therefrom, must be accepted as true by the reviewing tribunal." See Rainer v. State, 438 So.2d 290 (Miss. 1983).
Conner made a positive and unequivocal in-court identification of Doby as the seller after describing his appearance at the time of the sale. "Matters regarding the weight and credibility to be accorded evidence are to be resolved by the jury." Fisher v. State, 481 So.2d 203, 212 (Miss. 1985).
In Williams v. State, 427 So.2d 100 (Miss. 1983), this Court held:
We have stated many times that the jurors may accept the testimony of some witnesses and refuse that of others and they may accept in part and reject in part the evidence on behalf of the State and on behalf of the accused... . It is not for this Court to pass upon the credibility of witnesses and where the evidence justifies the verdict it must be accepted as having been found worthy of belief. . ..
Id. at 104. (Emphasis added).
Building on this reasoning, the Court wrote in Winters v. State, 449 So.2d 766 (Miss. 1984):
Under our system, the jury is charged with the responsibility for weighing and considering conflicting evidence and the credibility of witnesses.
Id. at 771.
Therefore, this Court finds no merit to this assignment of error.

PROPOSITION NO. 6

DID THE TRIAL COURT ERR IN GIVING THE STATE'S ONLY REQUESTED INSTRUCTION WHICH COMBINED THE ELEMENTS OF THE CHARGED OFFENSE WITH THE FORMS OF THE VERDICT, AND NOT GRANTING THE APPELLANT'S REQUESTED INSTRUCTION FOR A NEUTRAL FORM OF VERDICT?
Counsel for Doby points out that the State requested only one instruction, S-1. S-1 reads as follows:
The court instructs the jury that if you believe from the evidence in this case beyond a reasonable doubt, that the defendant, Curtis Lee Doby, in Clarke County, Mississippi, on or about the 11th day of September, 1985, did willfully, unlawfully, and feloniously sell a quantity, to-wit: approximately 3.0 grams, of cocaine, a Schedule II Controlled Substance, to Donna Conner in consideration of the sum of three hundred and fifty *592 dollars ($350.00) in good and lawful currency of the United States of America, then it is your duty to find the defendant guilty.
If you find from the evidence, beyond a reasonable doubt, that the defendant is guilty, then the form of your verdict may be as follows:
We, the jury, find the defendant guilty as charged.
If you find from the evidence, in this case that the State has failed to prove the elements of the crime, then you should find the defendant not guilty, then the form of your verdict may be as follows:
We, the jury, find the defendant not guilty.
Write your verdict on a separate sheet of paper. (R. 128)
The trial court granted Instruction S-1; counsel for Doby was refused Instruction D-10. D-10 reads as follows:
The court instructs the jury that if you find the defendant not guilty of the charge against him, then the form of your verdict should be as follows:
We, the jury, find the defendant, Curtis Lee Doby, not guilty.
In the event that you should find the defendant, Curtis Lee Doby, guilty, then the form of your verdict should be as follows:
We, the jury, find the defendant, Curtis Lee Doby, guilty.
You must write your verdict on a separate clean piece of paper.
At the time the court ruled on the jury instructions, counsel for the appellant asked the court if it had an instruction on the form of the verdict. The court stated, "I was thinking I wouldn't do that because it is in that S-1." Doby asserts that the form of the verdict instruction should not be combined and made a part of the State's instruction. More specifically, the form of the verdict instruction should be a separate instruction from the State's only allowed instruction.
Reviewing these instructions, this Court determines that the form of the verdict language in Instruction D-10 are contained within Instruction S-1, and can see no potential prejudice to the defendant. To support that opinion, the Court points to the reasoning in Davis v. State, 431 So.2d 468 (Miss. 1983). In Davis, this Court writes, "A trial court is not required to give instructions which are covered by other instructions although the language may differ." Id. at 475. This Court holds there is no reversible error in this assignment.
Having reviewed the foregoing arguments, this Court concludes that there was no reversible error on the part of the trial court. Therefore, the appellant's conviction for the sale of cocaine and the sixteen year sentence is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.