DAN M. LEE, Presiding Justice,
for the Court:
The appellant, Luther Coleman, Jr., was convicted in the Circuit Court of Tallahat-chie County of the crime of robbery with a deadly weapon. He was sentenced to thirty-five years in the custody of the Mississippi Department of Corrections, with the provision that he would be ineligible for any reduction of time, or early release, for a term of ten years. From that conviction and sentence, Coleman appeals, assigning three errors in the trial proceedings.
I. DID THE TRIAL COURT ERR IN DENYING COLEMAN’S MOTION TO QUASH THE JURY VENIRE ON THE GROUND THAT AN ABNORMALLY HIGH PERCENTAGE OF THE VENIRE PERSONS WERE EITHER LAW ENFORCEMENT PERSONNEL OR WERE RELATED BY BLOOD OR MARRIAGE TO LAW ENFORCEMENT PERSONNEL?
There is absolutely no showing that Coleman was prejudiced in any way by the make-up of the jury venire. The only three prospective jurors specifically identified in the record as being related to law enforcement were all struck, one by the prosecutor and the other two by defense counsel. Mhoon v. State, 464 So.2d 77 (Miss.1985), relied on by appellant, does not require reversal where, as here, there is no showing that any law enforcement-related veniremen served on the jury. There is no merit to this assignment of error.
II. DID THE TRIAL COURT ERR IN ADMITTING COLEMAN’S CONFESSION INTO EVIDENCE?
On March 3, 1987, the trial judge held a pretrial hearing on Coleman’s motion to suppress a signed statement given by Coleman on January 24, 1986. Coleman contended that the statement was made, if at all, without a knowing and intelligent waiver of his Miranda rights. The trial court specifically found that Coleman had made a voluntary, knowing, and intelligent waiver of his rights, and that his confession would be admitted.
In White v. State, 495 So.2d 1346 (Miss.1986), this Court stated:
Great deference is given a trial judge once he determines that a confession is voluntary and therefore admissible. “His finding becomes a finding of fact which will not be reversed on appeal unless it is manifestly in error or con *5 trary to the overwhelming weight of the evidence.”
495 So.2d at 1347 (quoting Cabello v. State, 490 So.2d 852, 856 (Miss.1986)).
The trial judge’s finding as to the volun-tariness of Coleman’s confession was not manifestly in error or contrary to the overwhelming weight of the evidence. There is no merit to this assignment of error.
III. DID THE TRIAL COURT ERR IN ADMITTING INTO EVIDENCE THE PLAID JACKET ALLEGEDLY WORN BY COLEMAN DURING THE ROBBERY?
At trial, Ms. Elsie Hanks, the victim of the robbery, positively identified a plaid jacket, offered as an exhibit, as that worn by Coleman during the robbery. (R. 155) Officer Paul Phillips of the Coahoma County Sheriff’s Department identified it as the “shirt” Coleman was wearing at the time of his arrest shortly after the robbery. The trial judge overruled Coleman’s motion to exclude the jacket from evidence. Coleman claims that the jacket should not have been admitted into evidence because no chain of custody was proven.
In Evans v. State, 499 So.2d 781 (1986), this Court stated:
Physical objects which are relevant and for which the chain of custody is not broken or which are otherwise identified with certainty are admissible in evidence. (Citation omitted). Matters regarding the chain of custody of evidence are largely within the discretion of the trial court, and absent an abuse of discretion, this Court will not reverse.
499 So.2d at 783. (Emphasis added).
Both Ms. Hanks and Officer Phillips positively identified the jacket as that worn by Coleman. The trial judge did not abuse his discretion in allowing the jacket into evidence.
Finding no merit to Coleman’s assignments of error, we affirm the judgment of the Circuit Court of Tallahatchie County.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
PITTMAN, J., not participating.