ROBERTSON, Justice,
for the Court:
Robert Butler, Sr., has been convicted of the sale of cocaine, and the question of consequence is whether the prosecution sufficiently proved the state-crime-lab chemically-tested-and-certified cocaine offered at trial came from Butler’s hands. Butler says it did not, suggesting a weak first link in the chain of custody, and on this ground' he says we should reverse. We decline the invitation.
From the record before us, it is clear that on the afternoon of December 4, 1987, paid confidential informant (C.I.) Alonzo Britton handed to Vicksburg Metro Narcotics officers two small packages of cocaine said to have been sold by Butler. The problem arises from the fact that C.I. Britton made at least three other buys on December 4, 1987. Britton says he purchased the cocaine from Butler at the Paradise Club in Vicksburg, Mississippi, but says on the same day, “I bought two at the El Morocco, two down at the Monte Carlo, and after I bought that two packs of cocaine from him [Butler] and bought two dimes down there at Lowe’s Grocery.” Butler says we cannot be sure the state did not test and prove cocaine one of Britton’s other buys.
When the prosecution offered the cocaine as evidence, the Circuit Court saw the problem.
I understand the objection. I’m thinking. I’ll ... [receive] them into evidence as being two packets that were handed to the officer from Mr. Britton, but no further.
This ruling had not been enlarged when, at the end of the proof, Butler moved for a directed verdict of acquittal. The Court overruled the motion, stating:
The witness [Britton] testified that he did, in fact, purchase some cocaine. When he was asked could he identify this particular sample it’s true that he could not, or did not, but he did relate that he turned it over to Agent McBroome and Agent McBroome, apparently, well he testified that he took it back to his office, and marked it and so forth. I don’t think it would be an unreasonable inference that this is the cocaine. I think the State’s entitled to those reasonable inferences at this point. So I’ll overrule the motion....
We accept this ruling as withdrawing the restriction the Court had previously put, prohibiting the jury from considering the cocaine as anything other than the “two packets that were handed to the officer.” At this point, the cocaine was before the jury for all purposes.
We look first to Rule 401, Miss.R.Ev., but when we do, we know that in any sale-of-cocaine case the cocaine said to have been sold is a matter of consequence and thus relevant within the rule, provided it is tied to the accused. The question becomes one of identification and, as such, arises under Rule 901(a) of the Mississippi Rules of Evidence. See Doby v. State, 557 So.2d 533, 541 (Miss.1990); Middlebrook v. State, 555 So.2d 1009, 1011-12 (Miss.1990). That rule provides:
(a) General Provision. The requirement of ... identification as a condition *985 precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
The rule goes on to provide, by way of illustration, that an example of identification conforming with requirements of the rule is “testimony that a matter is what it is claimed to be.” Rule 901(b)(1), Miss. R.Ev. Our cases under Rule 901 are few, e.g., Cox v. State, 586 So.2d 761 (Miss.1991); Middlebrook v. State, 555 So.2d 1009, 1012 (Miss.1990), and of little help here.
Rule 901(a) does not expressly require that a proponent prove a chain of custody, though it remains one avenue to Rule 901(a) identification. Staton, Ellis and Williams’ Mississippi Evidence 248 (2d Ed.1988). What must be provided as predicate is proof that will “support a finding” that the proffered item is what it is said to be: here, that it was cocaine bought from Butler. Whether the evidence will “support a finding” turns on those twin contextual factors of the level of proof required for a finding and whether the trier of fact is judge or jury. Today the trier of fact is a jury that may not make a finding against the accused unless convinced of the fact beyond a reasonable doubt. See, e.g., McCray v. State, 486 So.2d 1247, 1251 (Miss.1986); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Rule 901’s phrase “support a finding” imports the same notions of legal sufficiency trial courts confront when a convicted defendant moves for judgment of acquittal notwithstanding the verdict and, as well, our de novo review of such matters. Rules 401 and 901(a) allow receipt of the cocaine as evidence against Butler if — and only if — all of the evidence, giving the prosecution the benefit of all favorable inferences that may reasonably be drawn therefrom, is such that reasonable and fair-minded jurors, having in mind the beyond-a-reasonable-doubt burden of proof standard, in the exercise of impartial judgment, may have reached different conclusions whether Butler delivered it to C.I. Britton. The question is not whether the trial court finds beyond a reasonable doubt Butler delivered the cocaine, but whether a jury may so find. Only if the facts and inferences so considered point in favor of the accused with sufficient force that all reasonable men would have a reasonable doubt, should admission be denied. See, e.g., Heidel v. State, 587 So.2d 835, 839 (Miss.1991); Roberts v. State, 582 So.2d 423, 424 (Miss.1991); McFee v. State, 511 So.2d 130, 133-34 (Miss.1987).
Prior to January 1, 1986, and the advent of the Mississippi Rules of Evidence, this state had developed a substantial jurisprudence regarding chain of custody issues. Where this was the prosecution’s chosen means of identification, our cases held a threshold to admissibility testimony along the several links of the chain of the manner of safekeeping and that there has been no change or alteration of the object, see Monk v. State, 532 So.2d 592, 599 (Miss.1988). We have never required the proponent to produce every person who handled the object, nor to account for every moment of every day. See Doby v. State, 532 So.2d 584, 588 (Miss.1988). Pre-Rules and post-Rules, the proponent must satisfy the trial court that there is no reasonable inference of material tampering with or (deliberate or accidental) substitution of the evidence. See Wilson v. State, 574 So.2d 1324, 1335 (Miss.1990); Hemphill v. State, 566 So.2d 207, 208-09 (Miss.1990); Minnick v. State, 551 So.2d 77, 89-90 (Miss.1988), rev’d on other grounds 498 U.S. -, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990); Doby v. State, 532 So.2d 584, 588 (Miss.1988); Gibson v. State, 503 So.2d 230, 234 (Miss.1987). If there is a reasonable inference of tampering or substitution, the proponent’s proof is insufficient “to support a finding that the matter in question is what its proponent claims.” This is so because, in such a case, a fair-minded jury may not reasonably have found the fact beyond a reasonable doubt.
Of course, chain of custody precedes Rule 901(a) identification — and Rule 401 admissibility — only where no witness makes a positive permissible identification of the object that it is what its proponent claims. We pretermit chain of custody objections in *986 the face of such properly predicated, direct identification testimony. Wilson v. State, 574 So.2d at 1335; Minnick v. State, 551 So.2d at 90; Coleman v. State, 545 So.2d 3, 5 (Miss.1989); King v. State, 530 So.2d 1356, 1358 (Miss.1988); Evans v. State, 499 So.2d 781, 783 (Miss.1986). As before, the trial court enjoys considerable discretion, and, so long as that court exercises that discretion by reference to the correct legal standards, we will not reverse absent substantial abuse of discretion. Wilson v. State, 574 So.2d at 1334; Minnick v. State, 551 So.2d at 90; Doby v. State, 532 So.2d at 588; Gibson v. State, 503 So.2d at 234; Evans v. State at 783.
Though the matter is now technically a function of Rule 901(a), we think it apparent the rule works no significant change in our long-standing approach. See further, United States v. Ladd, 885 F.2d 954, 956 -, 57 (1st Cir.1989); United States v. Cardenas, 864 F.2d 1528, 1530-33 (10th Cir.1989); State v. Thompson, 503 A.2d 689, 691 (Me.1986); State v. Vanassche, 566 A.2d 1077, 1079-80 (Me.1989); Robinson v. State, 716 P.2d 364, 368-69 (Wyo.1986).
The question then is whether the evidence, viewed under the above standards, supports a jury finding that the cocaine in question is the cocaine Britton bought from Butler. After the time Officer McBroome received it from Britton, there is no question. Britton testified he made the two previous buys and gave the packets to Officer McBroome. Britton said he then bought two packets which Butler told him contained cocaine.
Officer McBroome monitored the spoken parts of the sale via radio. Britton said he went directly to Officer Beemon and gave him the packages. Officer McBroome says within a few minutes after hearing the sale on radio, Britton brought packets. We perceive no questions after the officers got the cocaine.
To be sure, holes still remain. There is uncertainty whether the officers searched Britton before he went into the Paradise Lounge to make sure he was drug-free. Britton says, after the purchase at the Paradise Lounge, he delivered the cocaine to Officer Beemon, while Officer McBroome said that it was he who received the cocaine from Britton. These matters go to weight, were certainly legitimate subjects of cross-examination and argument, but do not detract from the fact that there was otherwise evidence to satisfy the strictures of Rule 901(a).
Regarding the disputed first link in the chain, we find Britton testifying Butler sold him two packages which Butler said were cocaine. Whether this be an implied warranty of merchantability or of fitness for a particular purpose, it is an admission which is credible evidence on the present point. There is a temporal dimension. Britton says, as soon as he left the Paradise Lounge, he “walked back up to Fifth North and got in the car with Agent Beem-on,” who was working surveillance undercover with Officer McBroome. According to Britton, “I gave him two packs of cocaine and he slipped them into a plastic bag.” When shown the two bags of cocaine at trial, Britton said they were “similar in nature to the two packages” he had purchased from Butler, that “they look pretty much the same as those two packages.” Agent McBroome corroborates this when he says he listened to the “sale” via his radio and Britton’s body microphone and, within a few minutes thereafter, Brit-ton returned and delivered his buy.
It is true Britton testified elsewhere that he made at least four buys on December 4, 1987. In elaboration, Britton described buys earlier that day at the Monte Carlo and the El Morocco Club, but he blunts the inference Butler would have us draw when he says, after these earlier purchases,
Well we met over here behind Bowmar Avenue Church and I gave him [Officer Beemon or McBroome] all of the stuff that I had bought....
Britton said, after that, the next buy he made was the one from Butler and, again, that immediately thereafter he delivered his “buy” to the officers.
Beyond chain of custody, Butler presents three issues. We have considered each with care and find that none merits either reversal or discussion. See Morea v. State, *987 329 So.2d 527 (Miss.1976) and progeny, e.g., Saucier v. State, 562 So.2d 1238 (Miss.1990); and Kennedy v. State, 531 So.2d 638 (Miss.1988).
We hold the evidence legally sufficient that Robert Butler, Sr., stands finally convicted of the sale of cocaine. Miss.Code Ann. §§ 41-29-115(A)(a)(4) and -139(a)(1) (Supp.1987); and, e.g., Gibson v. State, 580 So.2d 739, 741 (Miss.1991); Turner v. State, 573 So.2d 1335, 1337 (Miss.1990); Sparks v. State, 412 So.2d 754, 756 (Miss.1982). Upon his conviction, the Circuit Court of Warren County sentenced him to a term of eighteen years imprisonment within the custody of the Mississippi Department of Corrections, with ten years suspended, and imposed a fine of $250,-000.00. Miss.Code Ann. § 41-29-139(b)(l) (Supp.1987). We affirm.
CONVICTION OF SALE OF COCAINE AND SENTENCE OF TEN YEARS IMPRISONMENT, AND FINE OF $250,-000.00 AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.