# IN THE COURT OF APPEALS 9/17/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00347 COA

**FREDRICK GANDY**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. LARRY E. ROBERTS

COURT FROM WHICH APPEALED: CIRCUIT COURT OF WAYNE COUNTY

ATTORNEY FOR APPELLANT:

MARK S. HOWARD

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: CHARLES W. MARIS, JR.

NATURE OF THE CASE: SALE OF COCAINE

TRIAL COURT DISPOSITION: CONVICTED OF DELIVERY OF COCAINE AND
SENTENCED TO SERVE THIRTY YEARS IN THE CUSTODY OF MDOC, PAY A $10,000
FINE


BEFORE THOMAS, P.J., DIAZ, AND PAYNE, JJ.

THOMAS, P.J. FOR THE COURT:

Fredrick Gandy was convicted of delivery of cocaine and sentenced to thirty years in the custody of the Mississippi Department of Corrections. From this conviction he appeals to this Court assigning only one issue: Whether the trial court erred in admitting into evidence the cocaine without a proper chain of custody. Finding that the chain of custody was properly established, we affirm.

Because the issue of whether the conviction was against the overwhelming weight of the evidence was not raised on appeal, only a brief recitation of the facts are needed. Fredrick Gandy (Gandy) and Cedric Gandy sold crack cocaine to Homer Kemp, a deputy sheriff working as a narcotics officer. Gandy was arrested and subsequently convicted of delivery of cocaine.

At trial, the following was admitted concerning the chain of custody of the cocaine. After receiving the cocaine from Gandy, Deputy Homer Kemp handed the cocaine to Joey Waller, an agent with the Narcotics Task Force, who testified that he sealed the cocaine, packaged it and then initialed it. Because of the slow turnaround time of the State Crime Lab, Waller took the cocaine to Puckett Laboratories in Hattiesburg to be tested. After the tests were completed, Officer Robert Owens picked up the cocaine from Puckett Laboratories, and placed it in the evidence vault at the task force office.

Unfortunately, by the time the case was approaching a trial date, the Puckett employee who had performed the tests on the cocaine had moved out of state. Believing that it would be easier to have the substance retested than to track down an out-of-state former employee of Puckett, the cocaine was taken to the State Crime Lab in Meridian, Mississippi, by Officer Owen, and given to Marie Pace, the evidence technician at the crime lab. After the substance was tested positive for cocaine, Officer Waller went to the crime lab, picked up the cocaine, and placed it back in the evidence vault at the narcotics office, where it remained until trial.

At trial, the State presented a document for identification purposes only, which set out the chain of custody of the cocaine as it went through Puckett Laboratory. The State also presented the officers who received the cocaine and transferred it to Puckett and then to the State Crime Lab.

DISCUSSION

Over the objection of defense counsel, the trial court admitted into evidence the cocaine purchased from Gandy. The trial court made the following ruling:

[In its discretion the] Court is convinced that there is no evidence of tampering or any action to destoy [sic] the integrity of the evidence that the State is seeking to introduce. The requirement for chain of custody testimony in my judgment has been met. I'm going to overrule your objection and allow it to be introduced into evidence. Sufficient credibility regarding the chain of custody in my judgment has been made by the State. Let it be admitted into evidence. Objection is overruled.

Gandy argues to this Court that the trial court's ruling was in error because the State did not present any testimony from Puckett as to what happened to the cocaine while it was at Puckett Laboratory for almost one week and what tampering and/or substituting might have taken place while at the lab.

We do not find the trial court to be in error. The decision of whether the State has properly shown the chain of custody of evidence is left to the discretion of the trial court, *Doby v. State*, 532 So. 2d 584, 588 (Miss. 1988), and this Court "will not reverse the trial court's ruling except where this discretion has been 'so abused as to be prejudicial to the defendant.'" *Lambert v. State*, 462 So. 2d 308, 312 (Miss. 1984).

If Gandy believed that Puckett Laboratory had altered the evidence or had tested the evidence and it returned negative for cocaine, then Gandy should have subpoenaed the former employee to testify. In *Hemphill v. State*, 566 So. 2d 207, 208 (Miss. 1990), Hemphill argued to the Court that the State had failed to prove the chain of custody because the drugs were handled by an employee who was no longer employed at the crime lab and who was not called to testify at trial. Our supreme court stated:

[I]f Hemphill believed that [the employee's] "mysterious" unemployment status may have had some prejudicial meaning, then discovery or a subpoena (to compel [the employee] to testify) was the appropriate means to unraveling the "mystery."

*Id.* at 208.

The test for determining the chain of custody is "whether or not there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence." *Gibson v. State*, 503 So. 2d 230, 233 (Miss. 1987). The State does not have to produce every person who handled the evidence nor does the State have to account for every minute of every day. *Butler v. State*, 592 So. 2d 983, 985 (Miss. 1991).

In this case, there was no showing by Gandy that the evidence had been tampered with or altered. The trial court made a finding that the evidence had not been altered or tampered. This Court holds that the State properly presented the chain of custody of the evidence, that Gandy received a fair trial, and that his conviction and sentence should be affirmed.

**THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY OF CONVICTION OF DELIVERY OF COCAINE AND SENTENCE OF THIRTY (30) YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, PLUS PAYING A $10,000 FINE, IS AFFIRMED. THIS SENTENCE TO RUN CONSECUTIVELY TO ANY OTHER SENTENCE GANDY IS NOW SERVING. COSTS ARE TAXED TO WAYNE COUNTY.**

**FRAISER, C.J., BRIDGES, P.J., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**