DIAZ, J.,
for the Court:
¶ 1. James Don Ferguson appeals the decision of the Newton County Circuit Court convicting him of sale of marijuana. Ferguson raises the following issues in this appeal: (1) whether the court erred tíy refusing to suppress the in-court identification of himself by the State’s witness, and (2) whether he was denied a fair trial because of the State’s conduct during voir dire. Finding no error, we affirm.
FACTS
¶ 2. On April 16 and 21, 1998, Ferguson was tried before a Newton County Circuit Court jury. He was found guilty of selling marijuana and sentenced to three years in the custody of the Mississippi Department of Corrections.
¶ 3. Prior to trial, Ferguson’s attorney made a motion to suppress the identification testimony of the State’s witness, an undercover agent, S.A.B. The defense asserts that her identification was based upon suggestions made by Officer Stanley Wash instead of her alleged purchase of marijuana from Ferguson and interaction with him at trial. The trial court declined to rule on that objection until trial. Thereafter, the court overruled the motion to suppress, finding that there was sufficient evidence that S.A.B. had met Ferguson two times in person at his house trailer prior to her more recent in-court assisted viewing of Ferguson.
¶ 4. During voir dire, the State referred to the “presumption of innocence” which it had to overcome by evidence during the trial in order for Ferguson to be found guilty. Additionally, the State referred to testimony and physical exhibits as the means by which it would overcome that presumption. The prosecution also asked the jury whether they understood the significance of this presumption. No objection was made by the defense.
• ¶ 5. S.A.B. testified that she worked undercover on April 16, 1996, in Newton County. When S.A.B. mentioned that she had met Ferguson at the door of his house trailer, the defense objected to any additional testimony. The trial judge dismissed the jury, and S.A.B. was questioned about her basis for identifying Ferguson in the courtroom. She identified Ferguson as the person from whom she purchased $120 worth of marijuana on April 16, 1996.
¶ 6. In her testimony about her meetings and sightings of Ferguson, S.A.B. referred to the fact that she had not only met Ferguson at his house trailer on April 16, 1996, but also on April 12, 1996. She identified Ferguson as the person from whom she bought marijuana on both occasions. Additionally, during cross-examination, she stated that she had seen Ferguson in the courtroom a few days prior to trial and that he had been pointed out to her by Officer Wash. She clarified her rebanee upon Officer Wash to identify Ferguson. She testified that when she entered the courtroom there were a lot of people present. She stated that she asked about Ferguson and that Officer Wash had pointed in Ferguson’s general direction. S.A.B. testified that she had no problem identifying Ferguson once she looked in his general direction. Feeling aggrieved, Ferguson perfects this appeal.
DISCUSSION
I. WHETHER THE COURT ERRED BY REFUSING TO SUPPRESS THE IN-COURT IDENTIFICATION OF FERGUSON BY THE STATE’S WITNESS
¶ 7. In Doby v. State, 532 So.2d 584, 591 (Miss.1988), the Mississippi Supreme Court held that a defendant could be found guilty upon the uncorroborated testimony of a single witness. U.S. v. Wade, 388 U.S. 218, 236, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and its progeny are the guidelines we must follow to determine the competency of identification testimony. York *494 v. State, 413 So.2d 1372, 1374 (Miss.1982) is the leading case in Mississippi on this issue and has been followed by our supreme court on numerous occasions. The factors to be considered in assessing the validity of identification testimony “include the opportunity of the witness to view the criminal at the time of the crime, the witness’ degree of attention, the accuracy of the witness’ prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.” Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
¶ 8. Neither Nicholson v. State, 523 So.2d 68 (Miss.1988) nor Neil preclude an in-court identification even if it had been established that a pre-trial identification was somewhat suggestive. What is required under Nicholson, if suggestive evidence is found in the record, is an increasing burden of proof on the part of the State to show that the identification had an independent origin. The test is whether from “the totality of the circumstances” involved in the case there was evidence that an “impermissibly suggestive” identification had given rise “to a very substantial likelihood of irreparable misidentification.” Neil, 409 U.S. at 199, 93 S.Ct. 375.
¶ 9. We can apply the Neil factors to the present case:
1. Opportunity to view the accused.
S.A.B. testified that she went to Ferguson’s house trailer two times to purchase marijuana and had personal interaction with him on both occasions. This testimony shows ample opportunity for S.A.B. to observe Ferguson.
2. Degree of attention.
During her observation of Ferguson, S.A.B. noted his appearance and put it in her notes. Furthermore, S.A.B. is an undercover agent trained to notice features of the person with whom she is interacting.
3. Accuracy of prior description.
S.A.B. testified about her early descriptions of Ferguson with only slight discrepancies. These turned out to be accurate descriptions of Ferguson despite some irregularities.
4. Witness’s level of certainty at confrontation.
• Upon viewing Ferguson in court, S.A.B. immediately identified him.
5. Length of time between crime and confrontation.
The in-court identification occurred two years after the sale of marijuana to S.A.B.
¶ 10. Based upon these factors, credible evidence exists to support the trial court’s determination that there was no substantial likelihood of misidentification in allowing the in-court identification. Therefore, we find this assignment of error to be without merit.
II. WHETHER FERGUSON WAS DENIED A FAIR TRIAL BECAUSE OF THE STATE’S CONDUCT DURING VOIR DIRE
¶ 11. Uniform Circuit and County Court Rule 3.05 states, “No hypothetical questions requiring any juror to pledge a particular verdict will be asked.” In Whigham v. State, 611 So.2d 988, 995 (Miss.1992), the Mississippi Supreme Court held that, without a contemporaneous objection to the State’s closing argument, the issue was waived:
Counsel for the first time on appeal complains that the closing argument of the State commented upon Whigham’s failure to testify. It is, of course, incumbent upon counsel at trial to make a contemporary argument, and also in his motion for a new trial, failing in which the error is waived.
(citations omitted). In general, appellants are not entitled to raise new issues on appeal because to do so prevents the trial court from addressing the alleged error. Dunn v. State, 693 So.2d 1333, 1339 (Miss.1997).
*495 ¶ 12. Ferguson argues that he was denied a fair trial because, during voir dire, the State allegedly asked the jury to pledge a particular verdict. He relied upon the statements made by the State during voir dire in support of his allegations:
As the Judge has told you, at this point in the proceeding, the defendant is clothed with what the law calls a presumption of innocence, but do you understand that once the proof is provided to you and you have heard the evidence in this case, if you decide that the proof shows the defendant is guilty beyond a reasonable doubt, then the defendant no longer enjoys that presumption of innocence? Does everyone understand that? (R.10)
My final question to you is just simply this: If you are chosen to be on this jury, you have heard the evidence, you have resolved any conflict, if there is any, and you decide what the truth in this case is, that the defendant really did sell marijuana to S.A.B., can you tell me that you will upon your oaths as jurors, at that point, return a verdict of guilty as charged, if that’s proven to you? (R. ID
¶ 13. In the case sub judice, Ferguson failed to raise this issue with the circuit court, and therefore, this assignment of error is precluded from appellant review. Nevertheless, the transcript of voir dire does not indicate any statements made by the State that required the jury to pledge a particular verdict. Therefore, this assignment of error is procedurally barred and without merit.
¶ 14. THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT OF CONVICTION OF THE SALE OF MARIJUANA WITH THREE YEARS TO SERVE IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO NEWTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.