¶ 1. Joe Pate was convicted in the Holmes County Circuit Court of sale of cocaine and sentenced as an habitual offender to serve thirty years in prison. He appeals asserting five issues: 1) the circuit court erred in curtailing his cross-examination of an agent of a narcotics task force; *Page 345 
2) the circuit court erred in allowing evidence of the cocaine because the State failed to maintain a chain of custody; 3) sentence is disproportionate to the offense; 4) the State failed to show he was an habitual offender; and 5) the verdict was against the overwhelming weight of the evidence. Finding no error, we affirm.
 FACTS
¶ 2. Celia Murphy was an agent for the North Central Narcotics Task Force. On August 12, 1999, she instructed informant Maxine King to go to Joe Pate's home in Lexington, Mississippi, to attempt to purchase illegal drugs. King drove to Pate's house, Pate approached the driver's side window of King's car, King told Pate she wanted forty dollars worth of crack cocaine, and Pate then went into his house and returned with the drugs. At a post-buy meeting, King turned over to Murphy a small package of crack cocaine that King bought with forty dollars supplied by Murphy. King corroborated the testimony that Murphy gave. The transaction was videotaped, and the jury viewed the tape.
 ANALYSIS I. CURTAILED CROSS-EXAMINATION
¶ 3. Pate contends that the circuit court curtailed his cross-examination of Murphy and prevented him from casting doubt on Murphy's assertion that she saw the drug buy. Trial courts have the discretionary power to limit repetitive cross-examination so as to provide for the orderly presentation of evidence and the elimination of needless waste of time. McDowell v. State, 807 So.2d 413, 422 (¶ 23) (Miss. 2001) (citing comments to M.R.E. 611). In this case, Pate contended that an eight foot high wooden fence blocked Murphy's view of Pate's property. Even though the jury viewed the videotape showing that Pate behaved in a way consistent with what Murphy described, Pate contends he should have been allowed to further cross-examine Murphy so the jury would find Murphy's testimony not believable. The record shows that Pate cross-examined Murphy extensively on the issue of what she observed. Ten pages of the transcript are devoted to this single issue. Pate inquired at least four times as to whether the fence blocked Murphy's view and how she could have kept the drug purchase in view. Murphy testified she could not account for the fence because she did not recall it. She testified that Lexington is built on a hill. She drove to Pate's home, following King's vehicle. As King parked, she drove past and continued on to a point behind Pate's home and watched the transaction from a hillside. From this position, she was higher in elevation than was Pate's house, so she had a clear line of sight over the roof of Pate's home to observe the transaction occurring in the front yard and on the street. The matter was fully investigated on cross-examination, and the record does not disclose that the circuit court abused its discretion. There is no merit to this assignment of error.
II. ADMISSION OF THE COCAINE INTO EVIDENCE
¶ 4. Pate contends that the circuit court erred in admitting the crack cocaine into evidence. The basis for this contention is that Pate asserts that the State failed to maintain a proper chain of custody. Decisions by trial courts to admit evidence of contraband are subject to only discretionary review, and will only be reversed upon a showing of prejudice to the defendant. Gilley v. State, 748 So.2d 123, 127 (¶ 10) (Miss. 1999). Where a defendant objects to the introduction of evidence of contraband on the basis of an insufficient chain of custody, he must raise a *Page 346 
"reasonable inference of probable tampering." Doby v. State, 532 So.2d 584, 588 (Miss. 1988) (quoting Gibson v. State, 503 So.2d 230, 234 (Miss. 1987)).
¶ 5. In this case, Murphy testified that she sealed the cocaine inside an evidence bag and locked the bag inside an evidence locker. Mary Nolan brought the evidence to the Mississippi Crime Lab technician who tested it. However, there is no indication of who removed the evidence bag from the evidence locker or how Nolan came into possession of the bag. A very similar factual scenario was presented in Doby, where the defense objected to the chain of custody because "there was no testimony concerning any person who may have received the exhibit at the Crime Lab, when the exhibit was received, or absence of paper work or receipts of any kind showing that it was received at the Crime Lab." Doby, 532 So.2d at 588. In that case, the supreme court failed to find any inference of tampering or any showing of prejudice to warrant reversal.Id. Pate's only assertion of probable tampering is that the indictment charged him with sale of "0.2 grams, more or less, of Cocaine," but when tested by the Mississippi Crime Lab, the sample weighed 10.1 grams. The tested drug sample weighed approximately fifty times more than the amount of the drug charged in the indictment. The variance in the weight of the tested drug sample and the weight of the drug charged in the indictment clearly is a matter of concern and raises several questions. Chief among those questions is whether the correct sample was tested. The trial judge was very much aware of this concern and appropriately considered with great care the testimony related to the chain of custody prior to allowing the drug into evidence.
¶ 6. This Court notes that a variance in the tested weight and indictment weight of a drug, without more, is insufficient to establish a presumption of tampering, so as to require exclusion of the evidence. Once admitted into evidence, it becomes merely another item of evidence whose worth and credibility are to be determined by the trier of fact. We find this issue is without merit.
III. SENTENCE GROSSLY DISPROPORTIONATE TO THE OFFENSE
¶ 7. Pate contends that because the circuit court sentenced him as an habitual offender to the maximum sentence of thirty years' confinement, under Miss. Code Ann. § 99-19-81 (Rev. 2000), the sentence was disproportionate to his offense for sale of forty dollars worth of cocaine, and thus the sentence violates his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Pate makes no argument based upon the Mississippi State Constitution, and at trial, Pate failed to raise this issue. The failure to raise the issue of habitual offender status resulting in a grossly disproportionate sentence acts to bar the issue on appeal. Bell v. State, 769 So.2d 247, 250 (¶ 8) (Miss.Ct.App. 2000). Pate failed to raise this issue at trial, and is barred from asserting it on appeal.
¶ 8. Pate urges this Court to find plain error. Plain error will allow an appellate court to address an issue not raised at trial if the record shows that error did occur and the substantive rights of the accused were violated. Grubb v. State, 584 So.2d 786, 789 (Miss. 1991). However, even assuming the issue was not barred, the issue would be without merit. The United States Supreme Court has found that recidivist statutes do not violate the United States Constitution. Rummel v.Estelle, 445 U.S. 263, 284-85 (1980). Similarly, our supreme court has consistently found that *Page 347 
habitual offender sentencing is not contrary to constitutional protections. See, e.g. Huntley v. State, 524 So.2d 572, 575-76 (Miss. 1988). Accordingly, this issue is without merit.
IV. PROOF OF HABITUAL OFFENDER STATUS
¶ 9. Pate contends that the State failed to prove he was an habitual offender, and he bases his argument on the premise that the sentencing hearing was brief. Rule 11.03 of the Uniform Rules of Circuit and County Court Practice requires that sentencing as an habitual offender occur at a separate hearing outside the presence of the jury. In this case, such a hearing was held at which time the State introduced certified copies of two prior convictions resulting in sentences of more than one year. This is all that is required of the State. See Nathan v.State, 552 So.2d 99, 106 (Miss. 1989). This issue is without merit.
V. WEIGHT OF THE EVIDENCE
¶ 10. Pate finally contends that the verdict was against the weight of the evidence. A motion for a new trial is addressed to the trial court's discretion, and an appellate court will not reverse the decision unless allowing the verdict to stand would work "an unconscionable injustice." Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983). In this case, two witnesses testified to the transaction, and a videotape of it was shown to the jury. This issue is without merit.
¶ 11. THE JUDGMENT OF HOLMES COUNTY CIRCUIT COURT OF CONVICTION OFSALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THEMISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER ISAFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, MYERS,CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. *Page 948