[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1214 
¶ 1. DeAndre C. Davis was convicted in the Circuit Court of Tunica County of murder, armed robbery, and arson and sentenced to life in prison. On appeal, Davis asserts the following issues: (1) the trial court erred in admitting opinion testimony from an unqualified witness, (2) the trial court erred in limiting cross-examination of two State witnesses, (3) the trial court erred in allowing the district attorney to make a personal plea to the jury in closing arguments, and (4) the trial court erred in allowing a pre-death photograph of the victim to be admitted into evidence. Finding no error, we affirm.
 FACTS ¶ 2. On December 24, 2001, Kevin Knowlton's burned car with his charred body inside was found in a field off a rural road in Tunica County, Mississippi. A wallet, a rag and a jug which smelled of gasoline were found nearby. In August 2002, DeAndre Davis was indicted for murder, armed robbery, and arson. At trial, Lashelle Braggs, one of the State's primary witnesses, testified that on the night of December 23, 2001, she rode to Tunica County, Mississippi with Knowlton and Davis. She further testified that while riding in the car Davis shot Knowlton, took Knowlton's wallet, extracted something therefrom, and then threw the wallet into the woods. Braggs was later charged with capital murder. However, she was never indicted on capital murder but waived indictment and pled guilty to accessory after the fact.
 ¶ 3. The jury found Davis guilty of all charges and sentenced him to life in prison *Page 1215 
for murder, life in prison for armed robbery, and three years in prison for arson, with said sentences to run consecutively. Aggrieved by the judgment against him, Davis timely filed an appeal to this Court.
 ANALYSIS I. Did the trial court err in admitting the opinion testimony of Alan Thompson?
 ¶ 4. Davis contends the trial court erred in admitting the opinion testimony of Alan Thompson, the primary investigator in the case and one of the State's primary witnesses, on the grounds that Thompson was not qualified as an expert on DNA.
 ¶ 5. On cross-examination, defense counsel questioned Thompson extensively about his failure to have certain objects found at the crime scene analyzed for DNA evidence. On redirect, the district attorney questioned Thompson about the likelihood of DNA evidence being found at the crime scene. Davis's counsel objected to the district attorney's questions on the grounds that testimony regarding the likely or unlikely presence of DNA at a crime scene goes beyond the knowledge of a lay witness and enters the realm of expert testimony. Since Thompson was not an expert on DNA, Davis contends that Thompson's opinion testimony is inadmissible.
 ¶ 6. Thompson admitted during testimony that he was not an expert on DNA. In accordance with Mississippi Rule of Evidence 701, if the witness is not testifying as an expert, his testimony is limited to those opinions or inferences which are rationally based on the perception of the witness and are helpful to the clear understanding of his testimony or the determination of a fact in issue. Although he was not an expert on DNA, Thompson testified that he was trained in retrieving DNA. Thus, Thompson was obviously qualified to determine whether or not DNA was likely to be present. Thompson did not have to be an expert in analyzing DNA to know whether or not DNA was present on objects found at a crime scene.
 ¶ 7. The standard of review regarding the admission or exclusion of evidence is abuse of discretion. Yoste v. Wal-MartStores, Inc., 822 So.2d 935, 936 (¶ 7) (Miss. 2002). Unless the trial judge has abused his or her discretion, this Court will not reverse his or her ruling. Crawford v. State, 754 So.2d 1211,1215 (Miss. 2000). Thompson's testimony was rationally based on his perception of the crime scene and was helpful to the clear understanding of his testimony and the determination of whether DNA was likely to be present.
 ¶ 8. In addition, Thompson was questioned extensively on cross-examination about his failure to have certain objects, which he found at the crime scene, analyzed for DNA evidence. Where the defense attorney inquires into a subject on cross-examination of the State's witness, the prosecutor on rebuttal is entitled to elaborate on the matter. Hart v. State,639 So.2d 1313, 1317 (Miss. 1994). "Evidence, even if otherwise inadmissible, can be properly presented where the defendant has `opened the door.'" Crenshaw v. State, 520 So.2d 131, 133
(Miss. 1988). Since Thompson was first questioned about DNA by the defense attorney during cross-examination, the district attorney was entitled to elaborate on the matter in rebuttal. Accordingly, we find no error.
 II. Did the trial court err in limiting cross-examination of two of the State's witnesses?
 ¶ 9. Davis argues the trial court improperly restricted the cross-examination of Investigator Thompson and Lashelle Braggs. While cross-examining Thompson, defense counsel asked him repeatedly *Page 1216 
about his failure to have certain objects analyzed for DNA evidence. "Trial courts have the discretionary power to limit repetitive cross-examination so as to provide for the orderly presentation of evidence and the elimination of needless waste of time." Pate v. State, 838 So.2d 343, 345 (¶ 3) (Miss.Ct.App. 2002). Therefore, the trial court did not abuse its discretion in refusing to allow the defense to continue questioning Thompson.
 ¶ 10. As for the cross-examination of Braggs, Davis complains that "[a]lthough Ms. Braggs was not indicted for capital murder, she was so initially charged. Her potential bias for the prosecution is so completely interwoven with this fact, that depriving the jury of this important information is unfairly prejudicial." Despite Davis's argument, the record reveals that the defense did elicit this information from Braggs before the State objected. Specifically, defense counsel asked, "You were charged with capital murder, weren't you?" Braggs answered, "Yes, I was," and she then went on to admit she had pled guilty to accessory after the fact. Therefore, the jury was not deprived of this information. Thus, this argument lacks merit.
 III. Did the trial court err in allowing the district attorney to make a personal plea to the jury in closing arguments?
 ¶ 11. During closing arguments, the district attorney stated, "Please don't let him get by with this." The trial judge overruled the defense counsel's objection since the statement was made during closing arguments. Davis contends this statement was a personal plea to the jury for conviction and as a result amounted to prosecutorial misconduct.
 ¶ 12. In closing argument, counsel is afforded wide latitude.Burns v. State, 729 So.2d 203, 229 (¶ 130) (Miss. 1998). InBurns, the court held that the prosecutor did not overstep his bounds in asking the jury to give the defendant what he deserved.Id. at 229 (¶ 131). Likewise, we find the prosecutor here did not overstep his bounds when he asked the jury not to let the defendant get away with the crime with which he was charged.
 ¶ 13. Furthermore, the trial court instructed the jury that "[a]rguments, statements and remarks of counsel are intended to help you understand the evidence and apply the law, but are not evidence. If any argument, statement or remark has no basis in the evidence, then you should disregard that argument, statement or remark." When a jury is properly instructed that statements made by counsel are not evidence, reversal is not required. Id.
Therefore, we find no error.
 IV. Did the trial err in allowing a pre-death photograph of the victim to be admitted into evidence?
 ¶ 14. Davis contends the photograph had no relevance to any issue in the case and was therefore offered only to arouse the emotions of the jury. The fact that a photograph of the deceased in a homicide case might arouse the emotions of jurors does not by itself render it inadmissible so long as introduction of the photograph serves some legitimate, evidentiary purpose. Walkerv. State, 671 So.2d 581, 601 (Miss. 1995). It is within the sound discretion of the trial judge to determine whether or not the photograph has a legitimate, evidentiary purpose. Id. The pre-death photograph was shown to the victim's stepfather. The district attorney asked the stepfather whether the photograph fairly depicted the victim. Thus, the photograph served the legitimate, evidentiary purpose of identifying the victim. Therefore, the trial judge did not abuse his discretion by overruling the objection. *Page 1217 
 ¶ 15. THE JUDGMENT OF THE TUNICA COUNTY CIRCUIT COURT OFCONVICTION OF COUNT I MURDER AND SENTENCE OF LIFE IMPRISONMENT TORUN CONSECUTIVELY WITH ALL SENTENCES PREVIOUSLY IMPOSED; COUNT IIARMED ROBBERY AND SENTENCE OF LIFE TO RUN CONSECUTIVELY WITHSENTENCE IN COUNT I; AND COUNT III ARSON AND SENTENCE OF THREEYEARS TO RUN CONSECUTIVELY TO SENTENCES IN COUNTS I AND II, ALLIN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS ISAFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICACOUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, AND BARNES, JJ., CONCUR. KING, C.J., AND ISHEE, J., CONCUR IN RESULT ONLY.